617 So.2d 974 (1993)
STATE of Louisiana
v.
Henry BARBER.
No. 90-KA-1855.
Court of Appeal of Louisiana, Fourth Circuit.
April 15, 1993.
*975 Sally W. Hyatt, New Orleans, for appellant.
Harry F. Connick, Dist. Atty. of Orleans Parish, David L. Arena, Asst. Dist. Atty., New Orleans, for appellee.
Before ARMSTRONG, PLOTKIN and JONES, JJ.
PLOTKIN, Judge.
This appeal raises the issue of whether an interpreter is required to be present during the trial of a deaf or severely hearing-impaired defendant. In the instant case, we hold that an interpreter for the defendant was required to be present during trial. Therefore, we reverse the defendant's conviction and sentence and remand for a new trial.

FACTS:
Officers Lumpkin and Sullivan testified that on September 29, 1989, at 5:30 p.m., they were patrolling in the 1200 block of Dryades Street. Their district commander had ordered them to watch for trespassers on the property at 1220 Dryades and to arrest anyone trespassing there. They saw the defendant enter the building through a large broken plate glass window. They followed him and ordered him to halt. He turned around and threw down a bottle. The officers brought him outside the building and arrested him. The bottle contained white powder the parties stipulated tested positive for cocaine. The officers also seized $67.00.
However, Marsha Buchanan and Linda Alonzo, who knew the defendant from the neighborhood, testified that they were walking down the sidewalk, on their way to the grocery store when they saw the officers "slam" the defendant against the wall of the building. They said that the defendant did not enter the building and that the only thing the officers took from the defendant was money out of his wallet. Odessa Alexander testified she lived at 1229 Dryades and that she did not know the defendant. She recounted the same story Buchanan and Alonzo reported.
The defendant testified Officer Sullivan had approached him prior to his arrest and asked him to become an informant to report narcotics transactions in the neighborhood. He refused. On the day of the arrest, he was walking down the sidewalk when the officers pushed him against the wall, searched him and took his money. He said he did not enter the building, that he did not possess the drugs, and that the money came from his social security check. He said Sullivan had the drugs in his shirt pocket.
On cross, he admitted he had been convicted for possession with intent to distribute Dilandid, Preludin and Talwin.
Sullivan testified he had never seen the defendant before he arrested him and that he had never approached him about becoming an informant.
*976 The defendant was convicted of possession of cocaine. He was sentenced to five years at hard labor. The State filed a multiple bill. The court vacated his original sentence and re-sentenced him as a second offender to nine years at hard labor and fined him $2,000.00.

HEARING IMPAIRMENT:
La.R.S. 15:270(A) provides that "[i]n all criminal prosecutions, where the accused is deaf or severely hearing-impaired, he shall have the proceedings of the trial interpreted to him in a language that he can understand by a qualified interpreter appointed by the court." (Emphasis ours) La.R.S. 15:270(B)(1) continues by stating that "[i]n any case where an interpreter is required to be appointed by the court under this section, the court shall not commence proceedings until the appointed interpreter is in court." (Emphasis ours) Clearly, the language of these sections is mandatory.
These provisions recognize that the Constitution requires that a defendant sufficiently understand the proceedings against him to be able to assist in his own defense. Clearly, a defendant who has a severe hearing impairment, without an interpreter, cannot understand the testimony of witnesses against him so as to be able to assist in his own defense. Ferrell v. Estelle, 568 F.2d 1128 (5th Cir.1978).
A reading of the record clearly reveals that the accused's hearing is severely impaired and that the trial court was aware of this fact. Officer Lumpkin testified that at the scene of the arrest the defendant told the officers that he could not hear. At the beginning of the defendant's examination, the court, after noting that the defendant's response to the first question was totally unrelated to the question, instructed defense counsel to write down every question and read the questions out loud. The defendant was then asked if he can hear. He testified that he can read lips or sign language. Throughout the accused's examination it is clear that he could understand only a few of the questions asked. In several instances the accused's answers to questions were completely unresponsive to the question. For example when the defendant was asked if he had drugs on him at the time of arrest he responded, "The money came out of this little folder here." The defendant was referring to the money he possessed at the time which was the subject of the preceding question. Clearly, the trial court was aware that the defendant suffered from a severe hearing impairment. Therefore, the court was required to appoint an interpreter and not proceed until the interpreter was present in court. Not to do so was error.
This holding is in keeping with the Third Circuit's decision in State v. Decuire, 602 So.2d 194 (La.App. 3rd Cir.1992) where the court remanded the case, ordering a hearing, to determine whether the defendant's hearing was so impaired so as to render her unable to understand the proceedings or assist in her defense. However, in this case such a remand is unnecessary because we find, on the face of the record, that the defendant's severe hearing impairment precluded him from assisting in his defense. Therefore, there is no need for a separate hearing to determine the extent of the defendant's hearing impairment.

IMPROPERLY ADMITTED EVIDENCE:
Additionally, the trial court allowed questioning by the prosecution which was patently inadmissible. The prosecution asked the defendant whether he knew any of the witnesses who testified on his behalf. He stated that he did not know them personally. Then the prosecution sought to prove that the witnesses who testified on his behalf did so because they worked for his sister. The accused asked how this was possible since his sister had no business and the prosecution replied "She certainly does, selling drugs." This line of questioning was objected to by defense counsel but the objection was overruled. Beyond the fact that this line of questioning was severely prejudicial and completely irrelevant, the prosecutor's blatant statement concerning the sister's occupation was outside of any evidence adduced at trial. Thus, the questioning should not have been allowed by the trial court and at the very least an admonition should have been given *977 to the jury to disregard the prosecutor's statement. LSAC.E. art. 403; La.C.Cr.P. art. 771.
Because the trial court failed to provide an interpreter for the defendant, whose hearing is severely impaired, in compliance with the mandatory language of La.R.S. 15:270 the defendants conviction and sentence are reversed. The case is remanded to the trial court for further proceedings where an interpreter shall be appointed.