Dear Judge Robinson:
This office is in receipt of your request for an opinion of the Attorney General in regard to the doctrine of the "separation of powers". You ask if the legislative requirement of R.S. 46:2364
requiring a court to pay for an interpreter for a hearing impaired person violates the separation of powers doctrine without providing the funds for the cost, and if not, which court funds should be used.
R.S. 46:2364 provides in pertinent part as follows:
 A. Whenever a hearing-impaired person is a party or witness at any stage involving direct communication with hearing-impaired persons or his legal representative or custodian during any judicial or quasi-judicial proceeding in this state or in its political subdivisions, including but not limited to proceedings of civil and criminal court, grand jury, before a magistrate, juvenile, adoption, mental health commitment, and any proceeding in which a hearing-impaired person may be subjected to confinement or criminal sanction, the appointing authority shall appoint and pay for a qualified interpreter/transliterator to interpret or transliterate the proceedings to the hearing-impaired person and to interpret or transliterate the hearing-impaired person's testimony.
* * * * * * * * * * * * * * * * * * * * * * *
 E.(1) Whenever a hearing-impaired person is arrested for an alleged violation of a criminal law, including a local ordinance, the arresting officer shall procure and the court with jurisdiction over the alleged violation shall pay for a qualified interpreter/transliterator for any interrogation, warning, notification of rights, or taking of a statement.
* * * * * * * * * * * * * * * * * * * * * *
 F. Where it is the policy and practice of a court of this state or of its political subdivisions to appoint counsel for indigent persons, the appointing authority shall appoint and pay for a qualified interpreter/transliterator for hearing-impaired indigent people to assist in communication with counsel in all phases of the preparation and presentation of the case.
In addition to the provisions of R.S. 46:2364, we find inState v. Barber, 617 So.2d 974 (La.App. 1993), that the court noted that R.S. 15:270 provides, "(A) In all criminal prosecutions where the accused is deaf or severely hearing-impaired, he shall have the proceedings of the trial interpreted to him.* * *(B) Interpreters appointed * * * shall receive for their services an amount to be fixed by the judge presiding." With reliance upon R.S. 15:270, the court found in all criminal prosecutions where the accused is hearing-impaired he shall have a qualified interpreter appointed by the court. It was concluded these provisions recognize the constitutional requirement that the defendant sufficiently understand the proceedings against him, and the defendant's impairment requires the court to appoint an interpreter.
We do not believe that the doctrine of separation of powers requires that the State fund all costs that are required to guarantee an individual's constitutional rights in a court proceedings such as assisting properly in his defense or confronting the witnesses against him. The legislature may by statute require courts see that these necessities be furnished a litigant. Separation of powers provisions are violated only if one branch of government or its members exercises powers belonging to either of the others. State ex rel Guste v.Legislative Budget Committee, 347 So.2d 160 (La. 1977). The legislative power is the power to make all laws not denied by the Constitution.
In connection with the provisions of R.S. R.S. 46:2364 requiring an interpreter for the hearing-impaired, R.S. 46:2370 sets forth the following:
 An interpreter/transliterator appointed under this Chapter is entitled to a reasonable fee for his services, including waiting time and reimbursement for necessary travel and subsistence expenses. The Louisiana Commission for the Deaf may pay the fee for such services which shall be based on the fee schedule for interpreters/transliterators established by the commission, however, in any judicial proceeding the fee shall be fixed by the court. Reimbursement for necessary travel and subsistence expenses shall be at rates provided by law for state employees generally.
Therefore, we find in R.S. 46:2364 the requirement that the "appointing authority shall appoint and pay for a qualified interpreter/transliterator" for the hearing-impaired person; and under R.S. 46:2362 "appointing authority" includes the presiding officer or similar official of any court, board, or commission where an interpreter is required pursuant to the Chapter.
However, it is further provided in R.S. 46:2370 that the interpreter appointed under the Chapter is entitled to a fee that "the Louisiana Commission for the Deaf may pay", which under R.S. 46:2354 may receive monies from any source including federal funds, grants or gifts.
Consequently, the court may seek funds from the Louisiana Commission for the Deaf, but it is otherwise responsible as the appointing authority to pay for a qualified interpreter.
We believe the fund established under R.S. 13:1899 can be used with approval of the judge for the payment of a necessary interpreter. Paragraph H of that statute provides that the City Court of Bossier may use the proceeds from the costs set forth in Subsection A for "the operational expenses of the court, or for payment of clerical fees or other similar expenditures as approved by the judge". The expense of an interpreter would be a similar expense to an operational expense of the court.
We feel the operational expenses of the court are distinguishable from the expenses of operation and maintenance of the "courtroom and offices of the city court" which is to be borne by the City of Bossier City in accordance with R.S. 13:1889.2.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: _________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR