**The PEOPLE of the State of Colorado,**
**Plaintiff–Appellee,**

v.

**John H. JAMES, a/k/a John Henry**
**James, Defendant–Appellant.**

Nos. 94CA1498, 94CA1601.

Colorado Court of Appeals,
Div. V.

June 13, 1996.

Rehearing Denied July 11, 1996.

Certiorari Denied May 19, 1997.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Jacque Lyn Russell, Assistant Attorney General, Denver, for Plaintiff–Appellee.

Lawrence D. Saunders, Pueblo, for Defendant–Appellant.

## OPINION

Opinion by Judge ROY.

In this consolidated appeal, defendant, John H. James, appeals the judgment of conviction entered on a jury verdict finding him guilty of first degree murder. We affirm.

While serving a life sentence for one count of first degree murder and three counts of attempted first degree murder, defendant beat, stabbed, and killed a fellow inmate because of an apparent disagreement over a gambling debt. That crime resulted in the conviction here at issue.

Defendant suffers from an apparent, and allegedly profound, hearing loss. During pretrial proceedings, defendant expressed and demonstrated some difficulty in hearing what was being said in court. The trial court, and on occasion counsel, had to request that participants in the proceedings speak loudly and, on occasion, had to remind them to do so. It appears that defendant was able to hear and understand the pretrial proceedings after the witnesses and other participants were admonished to speak loudly.

Prior to trial, defendant filed a motion requesting a court order compelling the Department of Corrections to test his hearing and to provide defendant with a hearing aid, if warranted. The trial court denied the motion and indicated that it did not have authority to compel the Department of Corrections to perform such testing or provide a hearing aid.

To accommodate defendant, however, the trial court stated that at trial it would remind jurors during voir dire, attorneys, and witnesses to speak loudly. The trial court suggested that defendant sit closer to the jury during voir dire, but defendant declined.

During trial, defendant and counsel occupied the counsel table nearest the jury which is traditionally occupied by the prosecution, and defendant was placed in a position close to and facing the witness stand.

I.

■ Defendant first contends that the trial court denied him due process of law when it declined to require the hearing tests prior to trial. Because we hold that the trial court made appropriate and effective accommodations at trial for defendant's hearing problem, we need not address the authority of the trial court to order the testing and, therefore, find no error.

■ The Due Process Clause of the Fourteenth Amendment guarantees defendants the right to be present in criminal proceedings whenever their presence has a reasonably substantial relation to the fullness of their opportunity to defend against a criminal charge. *Kentucky v. Stincer*, 482 U.S. 730, 107 S.Ct. 2658, 96 L.Ed.2d 631 (1987); *Luu v. People*, 841 P.2d 271 (Colo.1992). The Due Process Clause of the Colorado Constitution guarantees a defendant the right to a fair trial. Colo. Const. art. II, § 25; *People v. District Court*, 843 P.2d 6 (Colo.1992).

■ A defendant's right to due process of law also guarantees, through the Confrontation Clause of the Sixth Amendment, "the right to be present at trial to secure the opportunity for full and effective cross-examination of witnesses." *Luu v. People*, *supra*, 841 P.2d at 275; *see Kentucky v. Stincer*, *supra*.

The General Assembly has also provided that criminal defendants who suffer from "a functional hearing loss of sufficient severity to prevent aural comprehension even with the assistance of hearing aids," § 13–90–202(2), C.R.S. (1987 Repl.Vol. 6A), shall be allowed the assistance of sign-language interpreters at trial. Section 13–90–204(1)(a), C.R.S. (1987 Repl.Vol. 6A). Here, however, there is nothing in the record to indicate that a sign-language interpreter was requested or would have assisted defendant.

Our supreme court has noted that the absence of an interpreter for a non-English speaking defendant may abridge his or her right to be present at trial and to cross-examine witnesses. *Luu v. People, supra.*

■ A hearing-impaired defendant's right to due process may be implicated in the same way that the absence of an interpreter for a non-English speaking defendant's right may be implicated: "A defendant who cannot hear is analogous to a defendant who cannot understand English, and a severely hearing-impaired defendant cannot be tried without adopting reasonable measures to accommodate his or her disability." *State v. Schaim*, 65 Ohio St.3d 51, 64, 600 N.E.2d 661, 672 (1992); *see Ferrell v. Estelle*, 568 F.2d 1128 (5th Cir.), *vacated as moot*, 573 F.2d 867 (5th Cir.1978).

■ A number of courts have held, and we agree, that hearing-impaired defendants have a constitutional right to hearing assistance and an appropriate accommodation of that right. And, once a trial court has identified that a hearing-impaired defendant requires some assistance, the trial court has broad discretion in accommodating the defendant's right to that assistance. *See Turner v. State*, 429 So.2d 645 (Ala.Crim.App.1982); *People v. Guillory*, 178 Cal.App.2d 854, 3 Cal.Rptr. 415, 80 A.L.R.2d 1077 (1960); *People v. Fleagle*, 129 Ill.App.3d 298, 84 Ill.Dec. 405, 472 N.E.2d 155 (1984); *State v. Johnson*, 258 Kan. 61, 899 P.2d 1050 (1995); *State v. Barber*, 617 So.2d 974 (La.App.1993); *State v. Green*, 564 A.2d 62 (Me.1989); *Shook v. State*, 552 So.2d 841 (Miss.1989); *Peeler v. State*, 750 S.W.2d 687 (Mo.App.1988); *State v. Staples*, 121 N.H. 959, 437 A.2d 266 (1981); *People v. Rivera*, 125 Misc.2d 516, 480 N.Y.S.2d 426 (1984); *Commonwealth v. Wallace*, 433 Pa.Super. 518, 641 A.2d 321 (1994); *Brazell v. State*, 828 S.W.2d 580 (Tex.App. 1992). *See also People v. Hayes*, 923 P.2d 221 (Colo.App.1995) (juvenile not denied due process when accommodations are made for blind judge).

■ However, in two cases similar to this one, appellate courts have held that accommodation similar to that provided here was sufficient. *See State v. Johnson*, *supra;*

*Shook v. State, supra.* A court abuses its discretion in accommodating a defendant's right to hearing assistance when its actions are manifestly arbitrary, unfair, or unreasonable. *See People v. Milton,* 732 P.2d 1199 (Colo.1987).

In its ruling on defendant's motion for a new trial based on the court's failure to give him a hearing aid, the court stated:

> As far as the hearing aid device is concerned, I would note that the Court allowed [defendant] to switch tables so that he was in close proximity to the witness stand, that I would further note that during the course of the trial [defendant] was observed by myself wearing glasses and taking notes in what appeared to be a studious manner, that the Court observed him drawing his attorneys' attention at various times during the trial to items that he wanted them to address and responses to statements made by various of the witnesses, and based upon the Court's observation there was no inability for him by virtue of any hearing impediment which he may or may not have in participating and assisting in his own defense, and in fact he appeared during the trial to fully participate and assist in his own defense.

Moreover, the record shows that the court accommodated defendant's hearing loss at all stages of the proceedings, including having the witnesses, jurors, and other participants speak loudly, and permitting defendant to sit closer to the jury and witnesses. Furthermore, neither defendant nor his counsel stated that defendant could not hear the trial proceedings.

Under these circumstances, we conclude that the court's action was not manifestly arbitrary, unfair, or unreasonable. *See People v. Milton, supra.*

## II.

▌ Defendant next contends that the trial court committed reversible error in failing to advise him properly of his right to testify. We disagree.

▌ The right of a defendant to testify on his or her own behalf is a fundamental right that is deserving of procedural safe-guards. *People v. Curtis,* 681 P.2d 504 (Colo. 1984). Although *Curtis* does not set forth, or require, a litany that a trial court must recite, the record must reflect that a defendant was aware of the right to testify, knew of the consequences of testifying, and knew that the right was personal to him. *People v. Chavez,* 853 P.2d 1149 (Colo.1993).

Here, defendant limits his challenge to the following portion of the court's advisement and conversation with defendant which occurred before defendant's case-in-chief:

> The court: Do you understand that you're choosing—my understanding, [defendant], is that you're choosing not to testify. Am I understanding that correctly?
>
> Defendant: Yes.
>
> The court: You understand that you could also decide to testify. You understand that you could?
>
> *Defendant: After I said I don't want to testify, I still got a right to testify, is that what you're saying?*
>
> *The court: That's true as well.* But what I'm trying to make sure that I understand in my own mind [is] that you understand you have one of two choices and that you picked this one.
>
> Defendant: Yes.
>
> The court: Your two choices are to testify or not to testify. And my understanding is that of those two choices you have picked not to testify, am I correct?
>
> Defendant: Yes. (emphasis added)

Defendant argues that the trial court did not make it clear that he could change his mind and later decide to testify before the close of his case-in-chief. This argument is without merit.

The record indicates that defendant's waiver of his right to testify was voluntary, informed, and knowing. The record further reflects that the very issue relied upon by defendant was correctly addressed.

Defendant's case-in-chief ended just over one hour after the advisement. Under the totality of the circumstances, and given the relatively short period of time between the advisement and waiver and the end of defendant's case-in-chief, we conclude that defen-

dant was sufficiently advised of his right to testify. *See People v. Romero,* 767 P.2d 782 (Colo.App.1988). Therefore, there was no error in the court's advisement of defendant's right to testify.

Judgment affirmed.

RULAND and CASEBOLT, JJ., concur.