2010 WY 111

**Keith Kenneth ZUMBERGE,
Appellant (Defendant),**

v.

**The STATE of Wyoming,
Appellee (Plaintiff).**

No. S-09-0255.

Supreme Court of Wyoming.

Aug. 5, 2010.

---

Representing Appellant: Michael Reese, Contract Appellate Counsel, of Michael Henry Reese, PC; Diane Lozano, Wyoming Public Defender; Tina N. Kerin, Appellate Counsel.

Representing Appellee: Bruce A. Salzburg, Wyoming Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Leda M. Pojman, Senior Assistant Attorney General.

Before KITE, C.J., and GOLDEN, HILL,

VOIGT *, and BURKE, JJ.

VOIGT, Justice.

[¶ 1] The appellant, Keith Zumberge, appeals his conviction for felony driving while under the influence, alleging that his constitutional rights to due process of law and to confront witnesses were violated by the district court's failure reasonably to accommodate his hearing impairment at trial. Finding no error, we affirm.

### ISSUE

[¶ 2] Were the measures employed by the district court at trial to accommodate the appellant's partial hearing loss so unreasonable and inadequate as to have violated the appellant's constitutional rights to due process of law and to confront the witnesses against him?

### FACTS

[¶ 3] The facts surrounding the criminal charge in this case are not material. The only underlying fact of significance is that the appellant has a 60% hearing loss in his left ear. The appellant brought his hearing loss to the district court's attention prior to the trial and accommodations were made aimed at ensuring that the appellant was able to hear at trial. No specific objection was made regarding the district court's accommodations until two months after the trial when, at sentencing, the appellant informed the district court that due to his hearing impairment he was not able to hear portions of the trial proceedings. The district court briefly addressed the appellant's comments and imposed its sentence. The appellant filed a timely notice of appeal.

### STANDARD OF REVIEW

 [¶ 4] The appellant never formally objected to the alleged failure by the district court to accommodate his hearing impairment, therefore we will review this matter under the plain error standard:

> Even when constitutional error is alleged,
> each criterion must be satisfied or a claim

* Chief Justice at time of expedited conference.

for review under the plain-error doctrine will fail. To establish plain error, the appellant must prove (1) the record clearly reflects the alleged error; (2) the existence of a clear and unequivocal rule of law; (3) a clear and obvious transgression of that rule of law; and (4) the error adversely affected a substantial right resulting in material prejudice to him.

*Snow v. State*, 2009 WY 117, ¶ 13, 216 P.3d 505, 509 (Wyo.2009) (citations, quotation marks, and footnote omitted).

### DISCUSSION

 [¶ 5] Regarding the first prong of plain error, the record clearly reflects the accommodations made by the district court to ensure that the appellant was able to hear the proceedings, which accommodations are now alleged by the appellant to have been inadequate. Turning to the second prong, "[t]he Sixth Amendment and the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution guarantee an accused the right to be present during every stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure." *Skinner v. State*, 2001 WY 102, ¶ 20, 33 P.3d 758, 765 (Wyo.2001). "The right to be present at trial stems in part from the fact that by his physical presence the defendant can hear and see the proceedings ... and can participate in the presentation of his rights." *Id.* at ¶ 21, at 765 (quoting *Bustamante v. Eyman*, 456 F.2d 269, 274 (9th Cir.1972)). Although this Court has previously recognized that a defendant's ability to hear the proceedings carries constitutional implications, *see Chapman v. State*, 2001 WY 25, ¶ 31, 18 P.3d 1164, 1176 (Wyo.2001), we have not had occasion to undertake a detailed analysis of the question. Therefore, we look to other jurisdictions that have addressed this matter.

A hearing-impaired defendant's right to due process may be implicated in the same way that the absence of an interpreter for a non-English speaking defendant's right may be implicated: "A defendant who cannot hear is analogous to a defendant who

cannot understand English, and a severely hearing-impaired defendant cannot be tried without adopting reasonable measures to accommodate his or her disability." *State v. Schaim*, 65 Ohio St.3d 51, 64, 600 N.E.2d 661, 672 (1992); *see Ferrell v. Estelle*, 568 F.2d 1128 (5th Cir.), *vacated as moot*, 573 F.2d 867 (5th Cir.1978).

A number of courts have held, and we agree, that hearing-impaired defendants have a constitutional right to hearing assistance and an appropriate accommodation of that right.

*People v. James*, 937 P.2d 781, 783 (Colo. App.1996). Under our state and federal constitutions, a clear and unequivocal rule of law exists requiring a court to make reasonable accommodations to ensure that a hearing impaired individual can hear and properly participate in the proceedings.

[¶ 6] Finally, we must determine whether that rule of law was violated here; that is, whether the accommodations made by the district court in this case were adequate and reasonable. "[O]nce a trial court has identified that a hearing-impaired defendant requires some assistance, the trial court has broad discretion in accommodating the defendant's right to that assistance." *James*, 937 P.2d at 783 (citations omitted); *see also Cadet v. State*, 809 So.2d 43, 44–46 (Fla.Dist. Ct.App.2002); *State v. Riddick*, 61 Conn.App. 275, 763 A.2d 1062, 1065–67 (2001); *State v. Neave*, 117 Wis.2d 359, 344 N.W.2d 181, 188–89 (1984).

[T]he manner of protecting the defendant's rights must depend upon the circumstances of the case, and therefore the trial court has discretion to determine the proper accommodations. *People ex rel. Myers v. Briggs*, 46 Ill.2d 281, 287, 263 N.E.2d 109 (1970). But to exercise that discretion the court must first make some meaningful inquiry into the nature and extent of the defendant's hearing impairment.

*People v. Williams*, 331 Ill.App.3d 662, 265 Ill.Dec. 136, 771 N.E.2d 1095, 1099 (2002).

[¶ 7] We will examine the record to determine whether the district court properly inquired into the nature and extent of the appellant's hearing impairment, and whether the accommodations made were reasonable

and adequate. At the arraignment, the appellant informed the district court that he did not suffer from any mental health illnesses or deficiencies, or "from any other illnesses or injuries that would prevent [him] from being able to understand or participate in these proceedings." He did, however, inform the court that, "I can't hear very good," and his attorney added that "[h]e has trouble hearing, Your Honor." Thereafter, the appellant answered all questions put to him by the court, without apparent hesitation or difficulty. Further, upon being asked a second time if there was "any reason that would prevent you from being able to understand and participate in these proceedings[,]" the appellant answered in the negative.

[¶ 8] At a pretrial conference, held about a month before trial, neither the appellant nor his attorney made any mention of the appellant's hearing problem. Similarly, the issue was not raised in the appellant's trial brief. About a week before trial, however, the appellant sent a letter to the district court addressing, among other things, his hearing impairment. The letter stated, in pertinent part:

Dear [District Court Judge]:

As we move closer to my trial date of July 15th, there [are] a couple of items that I wish to bring to your attention. 1) I am hearing impaired. [My attorney] is and has been aware of this fact since he came to represent me in the above referenced matter. At the pre-trial conference, I thought he would have informed the court of this fact so that arrangements could have been made so that I could hear what was transpiring. As it turns out, I heard very little what was said that day. I hope better arrangements can be made for my trial.

The district court responded to this letter in chambers on the first day of trial:

THE COURT: .... We are scheduled to begin a jury trial at 9:00 a.m. It is approximately 8:30. There are a few issues that the Court wanted to address with the parties on the record before we started. First is, the Court received last week a letter from the defendant indicating that he has

some hearing impairment. We had a brief conversation off the record in which he indicated in a normal tone of voice in the context of chambers he was able to hear me. Is that correct, Mr. Zumberge?

THE DEFENDANT: Yes, I can hear most of it right now. Thank you.

THE COURT: Additionally, the courtroom has an amplified sound system. There are microphones available for the Court, for the witness and for the attorneys. We don't always use it for the attorneys but it is set up and I have requested and will require the attorneys to use the microphone in this case. Also, everybody is going to have to be conscientious in advising their witnesses to speak up. Lawyers please speak up loud and clearly. Use your courtroom voice.

Mr. Zumberge, if you are having difficulty hearing, make sure you let [defense counsel] know so we can make further accommodations. Based on my memory, my memory is as long as we are speaking into the microphones that you were able to hear. Is that the way it was in the arraignment? Not the pretrial, but the arraignment awhile back?

THE DEFENDANT: I think I have heard most of the arraignment.

THE COURT: Well, your obligation is to let [defense counsel] know if you are not hearing so we can accommodate that. Will you do that?

THE DEFENDANT: Uh huh. Yes.

THE COURT: Okay, anything else with respect to that issue that either party would like to make of record?

[THE PROSECUTOR]: No, Your Honor.

THE COURT: [Defense counsel]?

[DEFENSE COUNSEL]: No.

The trial transcript reveals that, to the district court's credit, this recognition of the appellant's hearing impairment was not just "lip service." In its opening remarks to the jury panel, the district court requested that the lawyers, witnesses, and jurors speak "in a clear, loud, understandable voice[,] [s]o everybody can hear and it can be recorded and know what is being said." Later, during *voir dire,* the district court interrupted a juror who was answering a question and admonished the juror to "speak up" and to "talk loud and clear." Further, as each witness was called to testify, the witness was instructed either by the judge or the prosecutor to sit close to the microphone, and to adjust the microphone so that the witness was speaking directly into it. Upon the appellant's request, several witnesses were reminded during their testimony to speak louder or to speak directly into the microphone. Additionally, the district court admonished the prosecutor twice—once during a bench conference and once during closing argument—to speak louder or directly into the microphone.

[¶ 9] During the direct examination of the individual who called 911 to report the appellant's erratic driving, defense counsel told the district court, "We can't hear," after the witness stated her name. The district court then instructed the witness to "talk more into the microphone. He is having a hard time hearing you." The witness then repeated her name. A few questions later, the prosecutor stated to the witness, "You might have to still talk a little louder. [The appellant] is hearing impaired, and you need to speak louder."

[¶ 10] During the arresting officer's direct examination testimony regarding his arrival at the appellant's house, the appellant stated, "I can't hear anything." The prosecutor then told the officer, "I guess they need you to speak up a little more." The district court also told the officer, "Speak up, too, if you would, sir." The prosecutor then repeated her question, and the officer answered the question.

[¶ 11] Although the appellant complained on a few occasions to not being able to hear or understand certain testimony, at no time during the trial did he or defense counsel make a general complaint to the district court that he was unable to hear or that the amplified sound system was inadequate. At the noon recess, for instance, the district court asked whether there was "anything either party would like to make of record" and defense counsel responded, "No, Your Honor." After the State rested, the appellant made a motion for judgment of acquittal.

In that motion, the appellant never indicated he was unable to hear any previous testimony, that the remedies employed to accommodate his hearing impairment were inadequate, or that he could not presently hear what was taking place. At least eight times during the appellant's cross-examination, the prosecutor began a question with: "You heard [the witness say or] testify that...." The appellant answered these questions without any problem and at times even acknowledged he had actually heard the prior testimony to which the prosecutor was referring. Finally, the appellant did not mention during the discussion of his renewed motion for judgment of acquittal, during the jury instructions conference, or during the reading of the jury instructions, that he had any problem hearing during the trial or that the remedies employed when he had mentioned he could not hear were inadequate.

[¶ 12] It was not until his sentencing hearing that the appellant, for the first time, notified the district court that he had had significant trouble hearing during *voir dire* and during his trial, and that the means adopted by the district court to prevent that problem were inadequate:

> THE [APPELLANT]: .... At the trial, I really could not hear much of what was going on as far as the jury selection. There was [sic] no microphones for the prospective jurors to speak into, and I just had to trust [defense counsel] with picking the right people. And as far as the prosecution witnesses, I know I spoke to [defense counsel] a couple of times when I could not hear what they were saying, and they did speak into the mic occasionally but they always seemed to look back toward the jury, and then again I could not hear them again. Also, when the Court admonished them to speak into the microphone they never repeated what I had already missed, so consequently when I was on the stand defending myself, the prosecuting attorney brought up statements, or about statements that were made that I never heard. In—As a matter

of fact, I did not hear them until the closing argument that they made. Then again, also, whenever [defense counsel] was at the podium directing cross examination I had no one I could poke to say that I could not hear anything. So I basically had to sit there and grin and bear it.

> I should say that when I was, or had a bench trial in Gillette, for misdemeanor, I could not hear very well there either and they took a recess and brought out a little amplifier with a volume control on it and an ear piece and that worked fine. I could hear the prosecutor and I could hear the Judge and I could hear just fine.

In response, the district court stated:

> THE COURT: Thank you. Based upon the argument of counsel, the information in the PSI, the information listed at the trial in this matter, first, I specifically discussed with counsel and the [appellant] on several occasions, and the Court will rely on the record, if you had difficulty hearing you needed to make the Court aware of it and accommodations were made and continued to be made using the amplified system in the courtroom. I don't view this as a motion for a new trial. It has not been filed that way, but the [appellant]'s comment with respect to his ability or inability to hear, I am making a record that the [appellant] was admonished on several occasions if he had difficulty hearing he needed to make the Court aware of it so accommodations could be made and accommodations were made every time, is my memory.

[¶ 13] In this appeal, the appellant asserts that the district court should have considered "various alternatives other than an amplified sound system," and should have held a specific hearing to determine whether the amplified sound system was adequate.[1] After reviewing the record, we conclude that the accommodations were adequate and reasonable, and therefore the district court did not abuse its discretion. After being advised of the appellant's hearing impairment, the district court researched the issue and dis-

1. Although the appellant claims the district court should have considered and utilized other accommodations, he does not specifically indicate what accommodations would have been more reasonable or appropriate.

cussed the appropriate course of action with the appellant and his counsel. Additionally, as outlined above, the district court ensured that appropriate measures were taken whenever the appellant expressed difficulty hearing or understanding. Furthermore, because the appellant expressed difficulty hearing at various times throughout the trial, it is reasonable to infer that he was able to hear during the remainder of the proceedings. If the appellant could not hear at times during the trial, he should have advised the court of such. "[T]rial judges are not omniscient. A defendant's disability, if not obvious, must be timely communicated to the court." *State v. Howard,* 112 Idaho 110, 730 P.2d 1030, 1032 (Idaho Ct.App.1986). Finally, at sentencing the appellant described to the district court other accommodations (a personal speaker system) made in another trial in which he was the defendant. Had he been unable to hear the proceedings in the present case, surely he would have requested such a device, or that other accommodations be made so that he could hear.

[¶ 14] We conclude that the district court did not abuse its discretion when evaluating the appellant's hearing impairment and making accommodations to ensure that the appellant could hear the proceedings. Therefore, no clear transgression of a rule of law occurred and the appellant's claim of error fails.

[¶ 15] Affirmed.