THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. STANLEY SMITH, Defendant-Appellant.

First District (2nd Division)   No. 1—96—1317

Opinion filed June 3, 1997.

McNULTY, J., dissenting.

Rita A. Fry, Public Defender, of Chicago (Julie A. Hull, Assistant Public Defender, of counsel), for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb and Latisha Foster, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE DiVITO delivered the opinion of the court:

Following a bench trial, defendant Stanley Smith was found guilty of possession of a controlled substance with intent to deliver and was sentenced to six years' imprisonment. In this appeal, defendant contends that he was not proved guilty beyond a reasonable doubt. For the reasons that follow, we affirm.

At trial, Chicago police officer Quadir Dawan testified that at 1:30 p.m. on December 13, 1994, he and his partner, Officer Weatherspoon, were seated in an unmarked car conducting a surveillance of possible narcotics transactions at 1534 East 66th Place. Approximately 20 feet away, defendant and his codefendant, Kem Haynes, were standing in a vacant lot. On two separate occasions, the officers observed an individual approach defendant, who walked a short distance and retrieved something from the ground. Defendant then returned to where the individual and Haynes were standing and handed something to Haynes. Haynes handed the object to the individual in exchange for cash.

After the second transaction, Officer Dawan called for assistance, whereupon two other officers apprehended defendant and Haynes. Officers Dawan and Weatherspoon then went to the location where they had observed defendant retrieve something from the ground. They recovered a wine bottle cap that contained seven clear, knotted plastic bags containing a white, rock-like substance, which was later determined to be cocaine. The officers also recovered $80 from Haynes. Although Officer Dawan inventoried the narcotics found inside the bottle cap, he did not inventory the $80 because of a general order exempting any amount under $135 from being inventoried.

During cross-examination, defense counsel asked Officer Dawan if he recognized a copy of the general order of the Chicago police department with regard to the inventory of property. Officer Dawan stated that he was not familiar with the general order because it was dated 1981, and the order he was familiar with was dated 1986.

The parties stipulated that if called to testify, forensic chemist Jamie Sea would have stated that the plastic bags contained 1.13 grams of cocaine.

Following the close of the State's case, the parties stipulated that the 1981 general order was in effect on December 13, 1994, and admitted the document into evidence. In closing argument, defense counsel noted that there was no limit on the amount of money to be inventoried in the general order.

The circuit court found defendant guilty of possession with intent to deliver. He was sentenced to six years' imprisonment. Defendant also pled guilty to violation of probation and was sentenced to a concurrent five-year prison term.

■ Defendant contends in this appeal that he was not proved guilty beyond a reasonable doubt because the facts were not sufficient to establish probable cause, much less guilt beyond a reasonable doubt. In arguing that, at the time that Officer Dawan called for a back-up unit to arrest him, the facts were insufficient to warrant any police action beyond an investigatory stop, defendant essentially challenges the propriety of his arrest. Because he failed to raise this issue in the circuit court, he is barred from raising it for the first time on appeal. *People v. Enoch*, 122 Ill. 2d 176, 185, 522 N.E.2d 1124 (1988). Moreover, our review of the record provides no basis for application of the plain error doctrine. *People v. Mullen*, 141 Ill. 2d 394, 402, 566 N.E.2d 222 (1990). Accordingly, defendant has waived review of the sufficiency of the facts supporting his arrest.

■ Waiver aside, the capacity to claim fourth amendment protection depends upon whether the police entered an area in which the defendant had a reasonable expectation of privacy, typically his person, home, or belongings. *People v. Janis*, 139 Ill. 2d 300, 313, 565 N.E.2d 633 (1990); *People v. James*, 163 Ill. 2d 302, 311, 645 N.E.2d 195 (1994). Under the "open fields doctrine," a person cannot claim a legitimate expectation of privacy in any unoccupied or undeveloped area beyond the immediate surroundings of his home. *People v. Bechtel*, 137 Ill. App. 3d 810, 813, 485 N.E.2d 474 (1985). Here, because the cocaine that was the basis for his conviction was recovered from a vacant lot, defendant cannot invoke fourth amendment protection.

Defendant also contends that he was not proved guilty beyond a reasonable doubt because there was no evidence that he had knowledge and constructive possession of the cocaine.

■ A conviction will not be disturbed on appeal unless the evidence is so unreasonable, improbable, or unsatisfactory as to justify a reasonable doubt of the defendant's guilt. *People v. Steidl*, 142 Ill. 2d 204, 226, 568 N.E.2d 837 (1991). The standard of review is whether, when viewing the evidence in the light most favorable to the prosecution, any rational finder of fact would have found the essential elements of the offense beyond a reasonable doubt. *People v. Hendricks*, 137 Ill. 2d 31, 63, 560 N.E.2d 611 (1990).

■ To support a finding of possession of a controlled substance, the State must prove that the defendant had knowledge of the presence of the narcotics and that the narcotics were in his immediate and exclusive control. *People v. Ray*, 232 Ill. App. 3d 459, 462, 597

N.E.2d 756 (1992). Constructive possession may be established by proof that the defendant knew the contraband was present and that it was in his immediate and exclusive control. *People v. Feazell*, 248 Ill. App. 3d 538, 545, 618 N.E.2d 571 (1993). Knowledge may be shown by evidence of conduct from which it may be inferred that the defendant knew the contraband existed in the place where it was found. *Feazell*, 248 Ill. App. 3d at 545. The elements of knowledge and possession are questions of fact that are rarely susceptible to direct proof. *Feazell*, 248 Ill. App. 3d at 545.

■ Here, Officer Dawan testified that on two separate occasions defendant, who was standing in a vacant lot, walked a short distance, retrieved something from the ground, returned to where an individual and Haynes were standing, and handed something to Haynes. Following defendant's arrest, Officer Dawan recovered a wine bottle cap and cocaine from the area from which defendant had twice retrieved something. Nobody else was seen in that area. Viewing those facts in a light most favorable to the prosecution, we cannot conclude that no rational trier of fact could have found that defendant had knowledge of and control over the cocaine. Accordingly, we reject defendant's contention that he was not proved guilty beyond a reasonable doubt.

We note that defendant challenges neither the sufficiency of the evidence with regard to his intent to deliver nor Officer Dawan's credibility. Although it was shown that there was no money limit in the general order regarding inventory procedures, the credibility of the witnesses, the weight to be given their testimony, and the resolution of any conflicts in the evidence are within the province of the trier of fact. *People v. Slim*, 127 Ill. 2d 302, 307, 537 N.E.2d 317 (1989). Here, the circuit court expressly found Officer Dawan to be credible. We find no basis in the record for reaching a contrary determination.[1]

Accordingly, the judgment of the circuit court of Cook County is

---

[1]The dissent's statement that the prosecutor "stipulated that [Officer Dawan's] testimony was false in that department regulations made no exception for lesser amounts of cash" and its repeated statements that the testimony was "false" are not borne out by the record. 288 Ill. App. 3d at 820-21. The parties merely stipulated that the 1981 general order was in effect on December 13, 1994, and admitted the document into evidence. In closing argument, defense counsel noted that there was no limit on the amount of money to be inventoried in the general order. Because there was no stipulation or admission that Officer Dawan testified *falsely*, it is not unreasonable to infer that he simply may have been mistaken as to the requirements of the inventory regulations.

affirmed. Pursuant to *People v. Nicholls*, 71 Ill. 2d 166, 374 N.E.2d 194 (1978), and the relevant statutory provisions, we grant the State $100 as costs for this appeal.

Affirmed.

RAKOWSKI, J., concurs.

JUSTICE McNULTY, dissenting:

Our supreme court has instructed us:

"[I]t is always the duty of this court to examine the evidence in a criminal case, and if it is so improbable or unsatisfactory as to raise a serious doubt of defendant's guilt the conviction will be reversed." *People v. Coulson*, 13 Ill. 2d 290, 296, 149 N.E.2d 96 (1958).

Because I find Officer Dawan's testimony regarding the exchange of money so unsatisfactory as to leave a reasonable doubt of defendant's guilt on the charge of possession with intent to deliver, I would reverse that conviction. Therefore, I dissent.

Contrary to the assertion in the majority's footnote, Dawan admitted that he never saw anything in the hands of defendant, Haynes, or the men who approached them. To support his conclusion that he witnessed a transaction or sale, he testified that he saw each man who approached Haynes give him money. Since Dawan arrested defendant and Haynes on the spot, any money they received they still had at the time of their arrest. The prosecutor stipulated that police inventory regulations required inventory of any such cash, regardless of amount. "[W]here public officials are required to keep a record of their proceedings, such record constitutes the only lawful

---

In any event, the dissent relies on Officer Dawan's purportedly "false" testimony only insofar as it relates to the sufficiency of the evidence concerning defendant's intent to deliver. As we stated previously, defendant did not challenge the sufficiency of that evidence. Moreover, the dissent ignores the totality of the circumstances testified to by Officer Dawan—that defendant "was approached by a male black subject on two separate occasions in that he upon being approached would walk a short distance in the vacant lot and retrieve from the ground an unknown item" and walked "over towards [Haynes] and hand[ed] him this item." Although Officer Dawan admitted under cross-examination that he could not "see the object at all," he was able to observe Haynes "exchange that item for U.S.C." He also recovered seven individually wrapped packets of cocaine. Under those circumstances, we cannot conclude that the evidence was so improbable as to raise a reasonable doubt of defendant's guilt.

evidence of action taken, and cannot be contradicted, added to or supplemented by parol." *People ex rel. Prindable v. New York Central R.R. Co.*, 400 Ill. 507, 512, 81 N.E.2d 201 (1948). Dawan admitted that the inventory sheet made no mention of cash found on either Haynes or defendant.

To rebut the inference that defendant and Haynes had no cash, Dawan testified that he found cash on Haynes and counted it, but he did not inventory the $80 because department regulations did not require inventorying amounts less than $135 in cash. The prosecutor stipulated that the testimony was false in that department regulations made no exception for lesser amounts of cash. Both the trial court and the majority here dismiss as insignificant the stipulation that Dawan testified falsely concerning police inventory regulations.

Our supreme court has explained the purpose of police inventories:

> "A range of governmental interests supports an inventory process. It is not unheard of for persons employed in police activities to steal property taken from arrested persons; similarly, arrested persons have been known to make false claims regarding what was taken from their possession at the station house. A standardized procedure for making a list or inventory as soon as reasonable after reaching the station house, not only deters false claims but also inhibits theft or careless handling of articles taken from the arrested person." *People v. Dillon*, 102 Ill. 2d 522, 527, 468 N.E.2d 964 (1984), quoting *Illinois v. Lafayette*, 462 U.S. 640, 646, 77 L. Ed. 2d 65, 71, 103 S. Ct. 2605, 2609 (1983).

Accordingly, the inventory procedures, as Dawan described them, would remove inhibition of police "theft or careless handling" of money taken from arrested persons, as long as the amount taken did not exceed $135. Police department regulations make no such exception, and they prohibit all theft from arrested persons. Dawan's false testimony besmirches the reputation of the police department by implying that its actual procedures permit theft from arrested persons as long as the amount taken is less than $135. His testimony on this issue is so unsatisfactory that it casts doubt on his entirely uncorroborated testimony that he witnessed money change hands in an apparent drug transaction. If defendant and Haynes had no money, the court has no reason to believe that they made any sale or engaged in any transaction with the two men who walked up to them. The small amount of narcotics found here lends no support to any inference of intent to deliver. See *People v. McLemore*, 203 Ill. App. 3d 1052, 1056, 561 N.E.2d 465 (1990).

This court must defer to the trial court's determination of the

credibility of witnesses, but "[d]ue deference to the trial judge's appraisal of the witnesses' credibility does not excuse this court from its duty to examine the evidence to determine whether guilt has been established beyond a reasonable doubt." *People v. Butler*, 28 Ill. 2d 88, 91, 190 N.E.2d 800 (1963). "[A] court of review must reverse a criminal conviction where the evidence and/or the credibility of the witnesses is so improbable or so unsatisfactory as to raise a reasonable doubt of guilt." *People v. Bailey*, 265 Ill. App. 3d 262, 271, 638 N.E.2d 192 (1994). Dawan's admittedly false testimony concerning his reason for not properly recording his discovery of money renders his testimony that he saw money so unsatisfactory as to leave a reasonable doubt that defendant or Haynes ever received cash in exchange for packets of narcotics. Therefore, I would reverse the conviction for possession of narcotics with intent to deliver.