SIXTH DIVISION

     September 5, 2003

No. 1-01-1983

THE PEOPLE OF THE STATE OF ILLINOIS,

Plaintiff-Appellee,

v.

SYLVESTER BELL,

Defendant-Appellant.

)))))))))

Appeal from the

Circuit Court of

Cook County

Honorable

Vincent M. Gaughan,

Judge Presiding.

JUSTICE 
GALLAGHER delivered the opinion of the court upon denial of rehearing:

Following a jury trial, defendant Sylvester Bell was convicted of possession of a controlled substance with the intent to deliver within 1,000 feet of a church.  The trial court sentenced defendant to 7½ years in prison.  On appeal, defendant contends that several comments by prosecutors in opening statement and closing argument prejudiced the jury and deprived him of a fair trial.  He also argues that the State attempted to introduce hearsay testimony to support the account of its only eyewitness.  In addition, he claims that his sentencing as a Class X offender under section 5-5-3(c)(8) of the Unified Code of Corrections (730 ILCS 5/5-5-3(c)(8) (West 2000)) violates
 Apprendi v. New Jersey
, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000).  Lastly, defendant asserts that the State failed to prove beyond a reasonable doubt that he knowingly possessed cocaine with the requisite intent to deliver.  For the reasons that follow, we affirm defendant’s conviction and sentence.

At trial, Chicago police officer Brian Towey testified that at about 10:30 p.m. on August 21, 2000, he and two partners responded to a telephone call reporting drug sales at 755 North Leclaire Avenue.  After arriving in that neighborhood, Officer Towey stood in a gangway next door to a church and across the street from the Leclaire Avenue address.  The two other officers remained in their car.  The officer saw two people approach defendant, who was leaning on a Pontiac.  After the individuals handed defendant money, defendant walked to the passenger door of the Pontiac, opened the door and retrieved “some small items,” and handed the items to the people who had approached him. 

After Officer Towey observed several similar transactions, he and his partners approached defendant.  Looking inside the Pontiac, Officer Towey saw two plastic bags on the floor of the passenger side.  The bags contained a rock-like substance that the officer suspected to be cocaine.  Defendant was arrested, and the officers retrieved a key from him that opened the trunk of the Pontiac.  Defendant did not have a key to open the Pontiac’s doors.  Officer Towey recovered the two plastic bags from the floor of the car.  The bags sat atop a larger potato chip bag that contained two more plastic bags of suspect cocaine. 

On cross-examination, Officer Towey stated that he was more than 100 feet away from the Pontiac during his surveillance.  Defendant’s back was to the officer during the exchanges, and he could not see what defendant handed the individuals, but he saw that the individuals handed cash to defendant.  No drugs were recovered from defendant’s person.  Police did not recover an ignition or door key to the Pontiac from defendant.  When searching the car, Officer Towey opened the locked passenger door by reaching in through the partially open window and manually unlocking the door.  

Chicago police officer Paul Galiardo testified that he and another officer remained in the police car during Officer Towey’s surveillance.  Officer Galiardo’s testimony corroborated Officer Towey’s account of defendant’s arrest and the recovery of the plastic bags.  Officer Galiardo testified that $98 in cash was recovered from defendant after his arrest.  

The State presented evidence that the drug sale occurred within 1,000 feet of a church and that the packets retrieved from the Pontiac contained .7 grams of cocaine.  The defense offered, and the State agreed to, a stipulation that according to Illinois Secretary of State records, the Pontiac was registered to a Sancree Wright.
(footnote: 1)  The jury convicted defendant of possession of a controlled substance with intent to deliver within 1,000 feet of a church.  

On appeal, defendant contends the State committed numerous errors that cumulatively deprived him of his right to a fair trial.  He argues that the prosecution made several improper and prejudicial comments in opening statement and closing argument and also attempted to introduce hearsay testimony. 

We first address defendant’s hearsay argument.  He claims that during Officer Towey’s direct examination, the State attempted to elicit a hearsay statement to corroborate the officer’s identification of defendant.  When Officer Towey was asked why he and his partners went to 755 North Leclaire Avenue, the officer replied, “We received complaints of narcotic sales with a description of the seller and the description of the auto where the narcotics were from.”  Defense counsel objected that the testimony was hearsay.  The trial judge instructed the prosecutor that she could not “go to the identification,” which would be hearsay.

As the State argues, defendant has failed to support his assertions with any citation to authority.  This is likely because the complained-of testimony was not inadmissible hearsay.  First, Officer Towey’s testimony was not offered for the truth of the matter asserted, namely, that the police received complaints of drug sales at the Leclaire Avenue address and also were given descriptions of a car and of a suspected drug dealer.  Instead, the officer’s testimony was elicited to explain the investigative steps that led to the surveillance of defendant.  Such testimony is admissible because it is not offered for its truth but rather to show the progress of the police investigation.  
People v.
 Pulliam
, 176 
Ill. 2d
 261, 274, 680 
N.E.2d 
343, 350 (1997)
.  Therefore, 
the testimony did not constitute hearsay.  As defendant admits, Officer Towey did not testify to the content of the complaints or the suspect’s description.  For those reasons, defendant’s argument is rejected.

Defendant next contends that the prosecution made several prejudicial comments in its opening statement and closing argument.  
To preserve an issue for review, a party must object at trial and also make a specific objection in a written posttrial motion.  
People v.
 Enoch
, 122 
Ill. 2d
 176, 186, 522 
N.E.2d 
1124, 1130 (1988).  With the exception of one of the remarks, which will be discussed later in this order, defendant did not include these comments in his posttrial motion.  Accordingly, he has forfeited his objections to those statements, and we are not required to consider his arguments.  

Defendant asserts that his individual assertions warrant review as cumulative error and also asks this court to review his forfeited arguments under the plain error rule.  See 134 
Ill. 2d
 R. 615(a).  Under the plain error exception, this court conducts a limited review of the record to determine whether (1) the evidence was closely balanced, or (2) the errors were of such magnitude as to deprive the defendant of his right to a fair trial. 
 
People v.
 Mena
,
 338 
Ill. App. 3d
 1, 7, 787 
N.E.2d 
274, 279 (2003).  If either applies, this court can reverse the trial court despite defendant’s failure to preserve the error or errors.      

           First, we disagree with defendant’s characterization of the evidence as closely balanced.  The State presented the uncontradicted testimony of a police officer who saw defendant hand to several people a substance later determined to be cocaine and saw defendant accept money in return.  The testimony of a single eyewitness is sufficient to convict if the testimony is positive and the witness is credible.  
People v.
 Davis
, 337 
Ill. App. 3d
 977, 987, 787 
N.E.2d
 212, 220 (2003).  Given that evidence, we decline to apply the first prong of the plain error rule.  

           We therefore must determine whether the statements harmed the integrity of the judicial process such that defendant did not receive a fair trial.  Defendant first asserts that in opening statement and again in rebuttal closing argument, the prosecutor characterized him as a drug dealer who is harmful to society and improperly compared him to the church’s pastor, who testified at trial.
  
A prosecutor may comment on the evidence and may draw all legitimate inferences from the evidence, even if unfavorable to the defendant.  
People v.
 Toney
, 337 
Ill. App. 3d
 122, 147, 785 
N.E.2d 
138, 159 (2003).  The testimony established that defendant was convicted of selling drugs across the street from a church.   

Furthermore, in his brief to this court, defendant greatly dramatizes the State’s arguments, claiming that the prosecutor characterized him as “an insidious menace to society,” a “depraved human being” and a “pariah – something other than and lower than a civilized human being.”  Although the prosecutor did compare the work of a pastor to the work of a drug dealer and referred to defendant as a “businessman” whose work “destroys our children, our family,” and “our lives,” those descriptions are not nearly as invective as those defendant has used on appeal.  Therefore, we find that the prosecutor’s comments did not constitute error.  

Defendant also argues that additional statements by the prosecutors and the trial judge might have caused the jury to believe that the drugs belonged to defendant.  In opening statement, the prosecution commented upon the cocaine’s presence in the Pontiac, stating that defendant “kept his stash off his person so that if approached he would say that’s not mine, that doesn’t belong to me.”  At the end of the prosecution’s opening statement, the trial judge ordered a sidebar discussion and subsequently instructed the jury as follows:

“Ladies and gentlemen, there was a statement made by the [p]rosecution that the reason why the narcotics were in the car was because the accused here was going to – that way he would be in a position to deny that they were his.  That might have implied that he had made a statement.  Remember what I told you before.  Anything the attorneys say is not evidence.  There is no evidence that Mr. Bell ever denied that those narcotics were his and so I want you to disregard what the State’s Attorney said concerning any statements made by Mr. Bell and totally put that out of your mind and again the only evidence coming out of this courtroom is going to be from the witness stand, from the exhibits and from the stipulations.”  

Defendant contends that the trial court’s limiting instruction, although well-intended, compounded the effect of the prosecutor’s statement and that the prosecutor’s comment could have “easily misled the jury into believing that the narcotics were in fact [defendant’s] since he did not deny his ownership of them.”  As with the comments discussed previously, defendant failed to preserve his claim of error by including it in his posttrial motion.  Defendant also did not object to the comment at the time it was made; instead, the trial judge raised the issue 
sua sponte
 after ordering
 
a sidebar.  The veteran trial judge swiftly and attentively addressed the prosecutor’s comment, mindful that the jury might interpret the remark to mean that defendant had made a statement.  The judge also instructed the jury not to consider opening statements as evidence.  Despite defendant’s assertions, we do not find this situation analogous to a prohibited comment on a defendant’s post-arrest silence, which would violate 
Doyle v. Ohio
, 426 U.S. 610, 49 L. Ed. 2d 91, 96 S. Ct. 2240 (1976).  In light of the uncontroverted evidence presented regarding defendant’s actions, we cannot conclude that the comments prejudiced his case or that he was deprived of his right to a fair trial.  

Defendant also contends that the prosecution made improper comments that shifted the burden of proof to the defense.  Unlike the statements discussed above, defendant objected to the remark and also included the claimed error in his posttrial motion.

In rebuttal closing argument, the prosecutor remarked:

“Have you heard from Sanky [
sic
] Wright, who is the registered owner of the car? No.

Defendant doesn’t have any burden to put on any evidence.  He doesn’t have to put on any evidence but at the same time you can look at what he presents to you.  And couldn’t he have presented better evidence.”  

After defense counsel objected, the trial judge instructed the jury that “the accused or defendant in this case has no burden of proof and may rely upon a presumption of innocence” and that the “State has the presumption or burden throughout each and every stage of this trial.”

Despite that curative instruction, defendant asserts that the prosecutor improperly suggested that the defense had a burden to produce evidence and that the instruction was insufficient to cure the prejudice to his case.
  Prosecutors are afforded wide latitude in making closing arguments, and a reviewing court will not reverse a jury’s verdict based upon improper remarks made during closing arguments unless the comments resulted in substantial prejudice to the defendant and constituted a material factor in his conviction.  
People v.
 Foster
, 322 
Ill. App. 3d
 780, 790, 757 
N.E.2d 
894, 904 (2000).  The trial court can generally correct any error resulting from an improper remark by sustaining an objection or instructing the jury to disregard the statement.  
Foster
, 322 
Ill. App. 3d
 at 791, 757 
N.E.2d 
at 904.
  

Here, the prosecutor did not shift the burden of proof to the defense.  Indeed, the prosecutor expressly told the jury that defendant did not have a burden to present evidence but that the jury could consider the evidence that the defense did offer.  The prosecutor did not comment directly or indirectly on defendant’s failure to testify but instead asked the jury to weigh the evidence presented.  Moreover, 
the prosecutor’s reference to Wright was made in rebuttal to the defense’s closing argument, in which defense counsel told the jury that the Pontiac was registered to a “Sanky Wright” and also said that “[s]omebody owns this car and it’s not Sylvester Bell.”  By pointing out that defendant did not own the car and stating that the vehicle was registered to Wright, defense counsel implied that Wright was the guilty party.  “Where the defense presents a theory which is unsupported by direct evidence, the prosecutor is not precluded from commenting on that lack of evidence.”  
People v.
 Williams
, 274 
Ill. App. 3d
 598, 612, 653 
N.E.2d 899, 908 (1995).
  Therefore, the prosecutor was 
justified in mentioning Wright in rebuttal to the defense’s closing argument.  

           In sum, we find that no error occurred in any of the prosecution’s remarks in opening statement or closing argument.  Furthermore, because we have not found any of defendant’s individual assertions to constitute reversible error, we reject his argument that the cumulative effect of the remarks was prejudicial.    

Defendant’s next contention is that his 7½-year sentence violated 
Apprendi
 and subjected him to increased punishment without notice or a jury finding of proof beyond a reasonable doubt of the factors that led to his enhanced sentence.  Defendant asks this court to vacate his Class X sentence and remand the case to the trial court for his resentencing “as a Class 2 offender.”  

           Pursuant to section 5-5-3(c)(8) of the Unified Code of Corrections, a defendant shall be sentenced as a Class X offender if he is over the age of 21 and is convicted of a Class 1 or Class 2 felony and was previously convicted of two Class 2 or greater felonies.  730 ILCS 5/5-5-3(c)(8) (West 2000).  In this case, defendant was convicted of possession of a controlled substance with the intent to deliver within 1,000 feet of a church, which is a Class 2 offense.  720 ILCS 570/401(d) (West 2000).  A Class 2 offense carries a sentence of not less than three years and not more than seven years in prison.  730 ILCS 5/5-8-1(a)(5) (West 2000).  However, defendant’s criminal record included convictions for possession of a controlled 
substance with intent to deliver and burglary, both of which are Class 2 felonies.  See 720 ILCS 570/401(d) (West 2000), 720 ILCS 5/19-1 (West 2000).  Therefore, defendant was sentenced using the Class X sentencing range.  

We note that defendant and the State offer different parameters of that sentencing range.  Defendant asserts that he was subject to a sentence of not less than 7 and not more than 14 years in prison, while the State argues that defendant was eligible for a term of between 6 and 30 years.  We agree with the State.  Defendant apparently refers to the portion of the extended-term sentencing statute (730 ILCS 5/5-8-2(a)(4) (West 2000)) that sets out an extended sentence for the commission of a Class 2 felony, instead of the applicable provision in section 5-5-3(c)(8) that requires an offender with defendant’s prior convictions and who commits a Class 2 or greater felony to be sentenced as if he had committed a Class X felony.  See 
People v.
 Thomas
, 171 
Ill. 2d
 207, 224, 664 
N.E.2d 
76, 85 (1996) (stating that “[s]ection 5-5-3(c)(8) does not elevate the class of a crime, but merely sets forth the criteria under which a defendant shall be sentenced according to the guidelines for a Class X felony,” and noting that a defendant’s offense is not enhanced to a Class X felony but the defendant is “simply subject to a single punishment enhancement to the Class X range” (emphasis omitted)).  Accordingly, we reject defendant’s request that he be sentenced as a “Class 2 offender.”       

Because defendant was eligible for sentencing as a Class X offender under section 5-5-3(c)(8), the trial court could impose a sentence of between
 6 and 30 years in prison, which is the range for a Class X offense.  See 730 ILCS 5/5-8-1(a)(3) (West 2000)
. 
 Indeed, at defendant’s sentencing hearing, both defense counsel and the prosecutor remarked to the trial court that the minimum sentence the court could impose was six years.  The trial court sentenced defendant to  7½ years in prison.   

Having resolved that slight disparity, we turn to defendant’s argument involving 
Apprendi, 
a case that by now requires little introduction.  In 
Apprendi
, 
the United States Supreme Court held that any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the trier of fact and proved beyond a reasonable doubt.  
Apprendi
, 530 U.S. at 490, 147 L. Ed. 2d at 455, 120 S. Ct. at 2362-63.  Defendant contends that the jury did not determine beyond a reasonable doubt whether his prior criminal convictions rendered him eligible for a Class X sentence.  Because the Supreme Court in 
Apprendi
 expressly excluded prior convictions from its holding, numerous cases have rejected defendant’s argument.  See 
People v.
 Smith
, 338 
Ill. App. 3d
 555, 561, 788 
N.E.2d 
1204, 1209 (2003); 
People v.
 Lathon
, 317 
Ill. App. 3d
 573, 587, 740 
N.E.2d 
377, 387 (2000).  In 
Smith
 and 
Lathon
, this court specifically rejected the application of 
Apprendi 
to section 5-5-3(c)(8).  Likewise, we find defendant’s argument on this point to be unavailing.

In a supplemental brief, defendant argues that pursuant to this court’s decision in 
People v.
 Cooper
, 337 
Ill. App. 3d
 106, 785 
N.E.2d 
86 (2003), the State failed to prove beyond a reasonable doubt that he possessed cocaine with the intent to deliver.  In 
Cooper
, a police officer conducting surveillance observed the defendant in a vacant lot and saw four individuals approach him separately.  
Cooper
, 337 
Ill. App. 3d
 at 108, 785 
N.E.2d 
at 88.  After a brief conversation with each person, the defendant walked to a fence post, retrieved a small item or items from a plastic bag and handed it to the person.  
Cooper
, 337 
Ill. App. 3d
 at 108, 785 
N.E.2d 
at 88.  A jury convicted the defendant of possession of a controlled substance with the intent to deliver.  
Cooper
, 337 
Ill. App. 3d
 at 108, 785 
N.E.2d 
at 88.  

On appeal, another panel of this court, while acknowledging that the defendant knowingly possessed the drugs, 
reversed his conviction for possession of a controlled substance with intent to deliver.  
Cooper
, 337 
Ill. App. 3d
 at 114, 785 
N.E.2d 
at 93.  The court stated that the amount of drugs recovered from near the fence (.7 grams) “reasonably could be viewed as intended for personal consumption.”  
Cooper
, 337 
Ill. App. 3d
 at 111, 785 
N.E.2d 
at 90.  The court held that because the officers’ testimony failed to describe the items that were allegedly sold, and because the defendant was arrested with a small amount of contraband and “very little money” (the opinion does not state a dollar amount), the court would not presume that the defendant delivered drugs to the four individuals who approached him.  
Cooper
, 337 
Ill. App. 3d
 at 113, 785 
N.E.2d 
at 92.  The court concluded that, given those facts, “the evidence does not strongly suggest that Cooper had an intent to deliver.”  
Cooper
, 337 
Ill. App. 3d
 at 114, 785 
N.E.2d 
at 93.  This court vacated the defendant’s conviction for possession with intent to deliver and remanded for resentencing on the lesser included offense of possession of a controlled substance.  
Cooper
, 337 
Ill. App. 3d
 at 118, 785 
N.E.2d 
at 96.         

In his dissent, Justice Quinn stated that the majority in 
Cooper
 ignored the appellate court’s standard of review, 
i.e.
, that the conviction should be affirmed if, reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime were proved beyond a reasonable doubt.  
Cooper
, 337 
Ill. App. 3d
 at 118, 785 
N.E.2d 
at 96 (Quinn, J., dissenting), quoting
 
Jackson v. Virginia
, 443 U.S. 307, 319, 61 L. Ed. 2d 560, 573, 99 S. Ct. 2781, 2789 (1979)
.  Justice Quinn stated that the defendant’s intent to deliver narcotics was proven directly, noting the officers’ testimony of four “hand-to-hand deliveries to individuals for which [the defendant] received money.”  
Cooper
, 337 
Ill. App. 3d
 at 120-21, 785 
N.E.2d 
at 97-98 (Quinn, J., dissenting). 

In the case at bar, defendant contends that 
Cooper
 is controlling because, as with the officers’ testimony in 
Cooper
, Officer Towey witnessed five transactions but could not see what defendant handed to those who approached him.  Defendant also asserts that the .7 grams of cocaine recovered 
could have been intended for personal consumption.  

We decline to follow 
Cooper
 because we find the majority opinion to be unpersuasive.  The dissent in 
Cooper
 notes the correct standard of review, namely, that this court must consider whether any trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.  The dissent also squarely distinguishes the cases on which defendant and the 
Cooper
 majority rely, including 
People v.
 Neylon
, 327 
Ill. App. 3d
 300, 762 
N.E.2d 
1127 (2002), and 
People v.
 Robinson
, 167 
Ill. 2d
 397, 657 
N.E.2d 
1020 (1995), where no testimony was offered that the defendants were seen selling narcotics.                

Furthermore, in his supplemental brief, defendant acknowledges but does not attempt to distinguish 
two cases that directly conflict with 
Cooper
.  In 
People v.
 Williams
, 331 
Ill. App. 3d
 
662, 668, 771 
N.E.2d 
1095, 1099 (2002), and 
People v.
 Little
, 322 
Ill. App. 3d
 607, 616, 750 
N.E.2d 
745, 754 (2001), the defendants were seen taking something from several people who approached them, after which they retrieved an item from a bag or from their own clothing, and handed the item to the people who had approached.  Narcotics were recovered from the defendants’ bag and clothing.  
Williams
, 331 
Ill. App. 3d
 at 668, 771 
N.E.2d
 at 1099; 
Little
, 322 
Ill. App. 3d
 at 616, 750 
N.E.2d
 at 754.  The courts in 
Williams
 and 
Little
 held that evidence was sufficient to support an inference of intent to deliver narcotics.  
Williams
, 331 
Ill. App. 3d
 at 668, 771 
N.E.2d 
at 1099; 
Little
, 322 
Ill. App. 3d
 at 616, 750 
N.E.2d 
at 754.    

The 
Cooper
 majority stresses that the police did not describe the items that defendant handed to the individuals who approached him.  However, as the dissent points out, the defendant in 
Cooper
 was charged with possession of a controlled substance with intent to deliver; he was not charged with delivery of a controlled substance.  
Cooper
, 337 
Ill. App. 3d
 at 121-22, 785 
N.E.2d 
at 99 (Quinn, J., dissenting).
  

As the majority recognizes, intent to deliver a controlled substance is a mental state most often inferred from circumstantial evidence.
  
See 
People v.
 Greer
, 336 
Ill. App. 3d
 965, 975-76, 785 
N.E.2d 
181, 190 (2003).  However, we disagree with defendant 
and 
Cooper 
that the factors outlined in 
Robinson
, 167 
Ill. 2d
 at 408, 657 
N.E.2d 
at 1026-27, are indispensable to our analysis.  In 
Robinson
, the supreme court addressed the circumstantial evidence needed to support a finding of intent to deliver a controlled substance, listing factors such as possession of weapons, large amounts of cash, scanners, beepers or cellular phones, or drug paraphernalia, and the manner in which the substance was packaged.  
Robinson
, 167 
Ill. 2d
 at 408, 657 
N.E.2d 
at 1026-27.  In 
Robinson
, police based the defendant’s arrest on suspected drug activity in a house, and thus the State presented no eyewitness testimony that the defendant was observed engaging in alleged drug transactions, thus requiring the court to examine the above factors.  
Robinson
, 167 
Ill. 2d
 at 405-07, 657 
N.E.2d 
at 1025-26.             

In the case at bar, a police officer saw defendant accept money from several individuals and hand them “small items” in return that defendant retrieved from a nearby car.  Plastic bags of cocaine were recovered from the car.  As in 
Williams
 and 
Little
, a reasonable trier of fact could have found the elements of possession of a controlled substance with intent to deliver.   

Accordingly, for all of the foregoing reasons, we affirm defendant’s conviction and sentence.  As part of this judgment, we grant the State’s request to assess defendant $100 as costs for this appeal.  

Affirmed.

O'MARA FROSSARD, P.J., and O'BRIEN, J.,
 concur.

FOOTNOTES
1: 
The record indicates 
that “Sancree Wright” is a phonetic spelling.