799 N.E.2d 745 (2003)
343 Ill. App.3d 765
278 Ill.Dec. 880
The PEOPLE of the State of Illinois, Plaintiff-Appellee,
v.
Taureo BURKS, Defendant-Appellant.
No. 1-01-4472.
Appellate Court of Illinois, First District, First Division.
September 15, 2003.
Rehearing Denied September 8, 2003.
*747 Richard A. Devine, State's Attorney, County of Cook, Chicago (Renee Goldfarb, Janet Powers Doyle and William J. McFadden, of counsel), for Plaintiff-Appellee.
Michael J. Pelletier, State Appellate Defender, Chicago (Vicki P. Kouros, of counsel), for Defendant-Appellant.
Justice McBRIDE delivered the opinion of the court:
Taureo Burks was convicted of possession of a controlled substance with intent to deliver and sentenced to seven years' imprisonment following a bench trial. In *748 this appeal, he argues (1) that the circuit court failed to make proper inquiry into his posttrial allegations of ineffective assistance of counsel; (2) that he was unconstitutionally sentenced as a Class X offender; (3) that he should have been credited with 212 days served instead of 211 days; and (4) that the evidence was insufficient to support his conviction or a conviction for the lesser included offense of possession of a controlled substance. We address the last of these issues first.
When considering an attack on the sufficiency of the evidence supporting a conviction, we will reverse "only if no rational trier of fact could have found that the defendant committed each element of the charged offense." People v. Jones, 295 Ill.App.3d 444, 451-52, 229 Ill.Dec. 773, 692 N.E.2d 762 (1998). "A defendant therefore must show that the evidence of criminal conduct is so improbable or unsatisfactory that it creates a reasonable doubt as to the defendant's guilt." Jones, 295 Ill. App.3d at 452, 229 Ill.Dec. 773, 692 N.E.2d 762. We must consider the evidence "in the light most favorable to the prosecution, and [we] may not substitute [our] judgment for that of the trier of fact on questions such as weight of evidence, credibility of witnesses or resolution of conflicting testimony." Jones, 295 Ill.App.3d at 452, 229 Ill.Dec. 773, 692 N.E.2d 762. We will not reverse a conviction on appeal "unless the evidence is so unreasonable, improbable, or unsatisfactory as to justify a reasonable doubt of the defendant's guilt." People v. Smith, 288 Ill.App.3d 820, 823, 224 Ill.Dec. 98, 681 N.E.2d 80 (1997).
To sustain a conviction for possession of a controlled substance with intent to deliver, the State was required to prove: (1) that the defendant had knowledge of the presence of the controlled substance; (2) that the controlled substance was within the defendant's immediate control or possession; and (3) that the defendant had intent to deliver the controlled substance. Jones, 295 Ill.App.3d at 452, 229 Ill.Dec. 773, 692 N.E.2d 762. Burks contests the sufficiency of the State's evidence on the last two elements. Thus, we consider whether the evidence adduced at trial supports Burks' conviction.
Officer Dillard Fisher testified for the State. Fisher testified that on May 2, 2001, at approximately 1:55 p.m., he was in plainclothes in an unmarked vehicle, parked in the south alley of Gladys Street near Lavergne Street in Chicago. He testified that he had an unobstructed view of Burks, who was standing about 60 feet away at the mouth of Lavergne. Fisher saw an individual approach Burks and hand him money. He then saw Burks point to another individual standing about 10 feet away. That individual then proceeded about 10 feet down the alley, bent down behind a garbage can, retrieved a brown paper bag, pulled something out of the bag, and handed it to the individual who had paid the money to Burks. The individual who paid the money and received the object from inside the bag then left and Burks and the other individual, continued to stand approximately 10 feet from one another. Fisher testified that another individual approached Burks about 10 minutes later, gave him some money, and the transaction proceeded in the same manner as the first. After the second transaction, Fisher testified that he and his partner detained Burks and the other man. They recovered the brown paper bag, which contained eight small plastic bags. Sixty-eight dollars in United States currency was recovered from Burks.
Fisher also testified that the eight plastic bags were inventoried with the Illinois State Police lab under inventory number 2521320. The State entered into a stipulation with defendant regarding the chain of *749 custody for the inventoried plastic bags. The stipulation entered into between the parties was the following:
"It is hereby stipulated between the parties that there was a proper chain of custody maintained over the 8 packets of suspect cocaine under inventory no. 2521320. That the forensic chemist Sassie (phonetic) Bond, B-o-n-d, is employed by the Illinois State Police Crime Lab and is qualified to testify as an expert in the area [of] forensic chemistry.
She did receive the 8 packets in a sealed condition, weighed those packets, found the total estimated weight to be 1.6 grams.
Performed tests commonly accepted in the area of forensic chemistry for ascertaining presence of controlled substance on 6 of the 8 packages.
After performing the tests on the 6 packages it is the chemist's opinion within a reasonable degree of scientific certainty that tested items were positive for the presence of cocaine in the amount of 1.2 grams."
After the State rested, Burks moved for a directed finding, which was denied. The defense rested without introducing any evidence. Burks was found guilty of possession of a controlled substance with intent to deliver.
We first consider Burks' claim that the evidence was insufficient to support a finding that he possessed the cocaine. He claims that "[a]lthough knowledge and awareness of drugs can be inferred when drugs are in plain view of a defendant, Burks could not be expected to know what was hidden behind a garbage can in an alley ten feet away, or be aware of what is in someone else's hand when they were several feet away." We note, however, that it is not necessary for the State to prove actual possession. Instead, they may show constructive possession. See People v. Neylon, 327 Ill.App.3d 300, 306, 261 Ill.Dec. 200, 762 N.E.2d 1127 (2002); Jones, 295 Ill.App.3d at 453, 229 Ill.Dec. 773, 692 N.E.2d 762.
"A defendant has constructive possession of drugs where there is no actual control of the drugs but where defendant intends to and has a capacity to maintain control over them." Jones, 295 Ill. App.3d at 453, 229 Ill.Dec. 773, 692 N.E.2d 762. Evidence that a defendant knew drugs were present and exercised control over them establishes constructive possession. Jones, 295 Ill.App.3d at 453, 229 Ill.Dec. 773, 692 N.E.2d 762. "Knowledge may be shown by evidence of conduct from which it may be inferred that the defendant knew the contraband existed in the place where it was found." Smith, 288 Ill.App.3d at 824, 224 Ill.Dec. 98, 681 N.E.2d 80.
In Jones, the evidence of possession was similar to the evidence in this case. The defendant received money from individuals and then, through nonverbal conduct, directed his accomplices to retrieve cocaine from underneath a rock a short distance away, which cocaine was then given to the purchaser. Under those circumstances, the court found that the "[d]efendant's conduct and the actions of his accomplices support[ed] the conclusion that defendant knew where the drugs were located, always intended to maintain control of the drugs, and never abandoned the drugs." Jones, 295 Ill.App.3d at 454, 229 Ill.Dec. 773, 692 N.E.2d 762. Thus, the court held the evidence was sufficient to support a finding of possession.
In this case, Burks received money from two different individuals and then directed them to his accomplice, who delivered the drugs. His subtle act of pointing his buyers in the direction of the drugs for *750 which they had already paid him shows that he had knowledge of the location of the drugs, intended to maintain control of them, and never abandoned them. In other words, he had constructive possession of the drugs. Thus, the court's finding of possession was reasonable and will not be overturned.
Burks further contends that the evidence was insufficient to support a finding that he intended to deliver the cocaine. He relies primarily on People v. Cooper, 337 Ill.App.3d 106, 271 Ill.Dec. 435, 785 N.E.2d 86 (2003), as grounds for reversal. In Cooper, although finding the evidence sufficient to support a possession charge, a division of this court reversed the conviction for possession of heroin with intent to deliver. The evidence at trial revealed that a police officer observed the defendant, on four separate occasions, have a brief conversation with an individual who then handed money to the defendant; the defendant then walked a short distance and received an item or items from a clear plastic bag and handed the item or items to the individual who had paid him the money. Cooper, 337 Ill.App.3d at 108, 271 Ill.Dec. 435, 785 N.E.2d 86. The court held that this evidence was insufficient to sustain the defendant's conviction for possession with intent to deliver because "where the police surveillance fails to describe the object that is allegedly `sold' and the defendant is found only in possession of a very small amount of contraband and very little money, we cannot rely on circumstantial evidence to fill in the blanks." (Emphasis in original.) Cooper, 337 Ill. App.3d at 113, 271 Ill.Dec. 435, 785 N.E.2d 86. The dissent noted that the case involved direct evidence of drug sales, and, therefore, the trial court had not improperly relied on inadequate circumstantial evidence. Cooper, 337 Ill.App.3d at 120, 271 Ill.Dec. 435, 785 N.E.2d 86 (Quinn J., dissenting).
Burks urges us to follow the majority in Cooper and find that because Officer Fisher was unable to describe the objects handed to the two individuals who gave him money, the evidence is insufficient to show intent to deliver. We disagree. Under circumstances virtually identical to this case, this court has found the evidence sufficient to support convictions for possession with intent to deliver where there was no description of the item delivered, but where that item was retrieved from inside an object or area that contained only other illicit drugs. Thus, we do not believe that Cooper accurately reflects the law, and we decline to follow it. Instead, we rely on the more sound and well-reasoned opinions of this court that appropriately consider the circumstances of each individual case to determine whether a rational trier of fact could find that the defendant intended to deliver the drugs.
In Smith, 288 Ill.App.3d 820, 224 Ill.Dec. 98, 681 N.E.2d 80, the court upheld a conviction for possession of a controlled substance with intent to deliver despite the defendant's claim that the evidence did not prove his guilt beyond a reasonable doubt. In that case, the evidence showed that two police officers observed the defendant and an accomplice standing in a vacant lot when the defendant was approached by an individual. Smith, 288 Ill.App.3d at 822, 224 Ill.Dec. 98, 681 N.E.2d 80. The defendant then walked a short distance away and retrieved something from the ground. Smith, 288 Ill.App.3d at 822, 224 Ill.Dec. 98, 681 N.E.2d 80. He returned to the individual and handed the object to his accomplice, who handed it to the individual in exchange for cash. Smith, 288 Ill. App.3d at 822, 224 Ill.Dec. 98, 681 N.E.2d 80. The officers observed two similar transactions before they apprehended the defendant. Smith, 288 Ill.App.3d at 822, 224 Ill.Dec. 98, 681 N.E.2d 80. While the *751 defendant explicitly contested only the evidence of possession, the court addressed the evidence of intent to deliver in a footnote, where it recognized that the evidence was sufficient to support a finding of intent. It wrote:
"[T]he dissent ignores the totality of the circumstances testified to by Officer Dawanthat defendant `was approached by a male black subject on two separate occasions in that he upon being approached would walk a short distance in the vacant lot and retrieve from the ground an unknown item' and walked `over towards [his accomplice] and hand[ed] him this item.' Although Officer Dawan admitted under cross-examination that he could not `see the object at all,' he was able to observe [the accomplice] `exchange that item for U.S.C.' He also recovered seven individually wrapped packets of cocaine. Under those circumstances, we cannot conclude that the evidence was so improbable as to raise a reasonable doubt of defendant's guilt." Smith, 288 Ill.App.3d at 824 n. 1, 224 Ill.Dec. 98, 681 N.E.2d 80.
In People v. Williams, 331 Ill.App.3d 662, 668, 265 Ill.Dec. 136, 771 N.E.2d 1095 (2002), the court reversed a conviction for possession of cocaine with intent to deliver within 1,000 feet of a public park and remanded for a new trial. The court's reversal was based on the trial court's failure to take adequate measures to assure that the defendant, who was hearing impaired, could hear the testimony and other evidence presented against him. Williams, 331 Ill.App.3d at 668, 265 Ill. Dec. 136, 771 N.E.2d 1095. In deciding whether to remand the case for a new trial, the court considered the sufficiency of the evidence for proving intent to deliver. Williams, 331 Ill.App.3d at 667, 265 Ill.Dec. 136, 771 N.E.2d 1095. The evidence showed that the arresting officer watched "four separate transactions in which the defendant took something from persons who walked up to him. Each time the defendant then removed an object from a bag and handed it to the person who gave him money." Williams, 331 Ill. App.3d at 668, 265 Ill.Dec. 136, 771 N.E.2d 1095. The court noted, "[b]ecause the officer identified the bag as the one whose contents he sent to the chemist, who found the items in the bag contained cocaine, the prosecution presented adequate evidence to support an inference of intent to deliver cocaine." Williams, 331 Ill.App.3d at 668, 265 Ill.Dec. 136, 771 N.E.2d 1095.
Also, in People v. Little, 322 Ill.App.3d 607, 613, 255 Ill.Dec. 828, 750 N.E.2d 745 (2001), the court reversed a conviction for possession of a controlled substance with intent to deliver. However, when deciding whether the case should be remanded for a new trial, the court considered the sufficiency of the evidence to support the conviction. Little, 322 Ill.App.3d at 614, 255 Ill.Dec. 828, 750 N.E.2d 745. The court found the evidence was sufficient to support a conviction for possession of cocaine with intent to deliver. Little, 322 Ill. App.3d at 619-20, 255 Ill.Dec. 828, 750 N.E.2d 745. The evidence revealed that a police officer observed the defendant receive money from two different individuals, place it in one of his pockets, retrieve an object from another pocket, and give it to the individual. Little, 322 Ill.App.3d at 611, 255 Ill.Dec. 828, 750 N.E.2d 745. The officer then detained the defendant and recovered six separate small bags containing 1.5 grams of cocaine. The court remarked, "[n]otably, [the officer] neither identified nor described the `object' that was handed by defendant to either of the unknown persons." Little, 322 Ill.App.3d at 611, 255 Ill.Dec. 828, 750 N.E.2d 745. Regardless, when the defendant argued that the evidence was insufficient to uphold his conviction because it did not show *752 intent to deliver, the court disagreed, finding that the "defendant's intent to deliver the cocaine packets recovered from his person is sufficiently demonstrated by the evidence." Little, 322 Ill.App.3d at 616, 255 Ill.Dec. 828, 750 N.E.2d 745. The court wrote:
"We disagree * * * that the nature of an unknown object exchanged during suspected drug activity can never be reasonably inferred from the circumstances but, rather, must be established by direct proof. Rather, we believe that the identity of such an object as contraband can be reasonably inferred when warranted upon an examination of the relevant circumstances as a whole." Little, 322 Ill.App.3d at 617-18, 255 Ill. Dec. 828, 750 N.E.2d 745.
Most recently, another division of this Court declined to follow Cooper. In People v. Bell, 343 Ill.App.3d 110, 277 Ill.Dec. 748, 796 N.E.2d 1114 (2003), the defendant's conviction for possession of a controlled substance with intent to deliver within 1,000 feet of a church was affirmed despite the defendant's claim that the evidence was insufficient to support his conviction. In that case, a police officer observed several transactions, wherein the defendant received money from an unknown individual, walked to the passenger door of a Pontiac, opened the door and retrieved "some small items," which he handed to the unknown individual. Bell, slip op. at 2, 343 Ill.App.3d at 112, 277 Ill.Dec. 748, 796 N.E.2d 1114. The officer "could not see what defendant handed the individuals, but he saw that the individuals handed cash to defendant." Bell, slip op. at 2, 343 Ill.App.3d at 113, 277 Ill.Dec. 748, 796 N.E.2d 1114. After arresting the defendant, the officer recovered bags containing "suspect cocaine" from the Pontiac. Bell, slip op. at 2, 343 Ill.App.3d at 113, 277 Ill.Dec. 748, 796 N.E.2d 1114. The defendant argued that under Cooper, the evidence was insufficient to sustain his conviction. The court disagreed, declining to follow Cooper because "the majority opinion [was] unpersuasive" and ignored "the correct standard of review, namely that this court must consider whether any trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Bell, slip op. at 13, 343 Ill.App.3d at 120, 277 Ill.Dec. 748, 796 N.E.2d 1114.
The evidence in this case was sufficient to allow a reasonable trier of fact to conclude that the objects transferred in exchange for money were cocaine, and that is what the trier of fact did. The evidence revealed that the objects were removed from the same bag in which cocaine was found in individually wrapped packets, the transaction occurred at least twice, the transaction was controlled by Burks, who received the money and then indicated by pointing where the purchasing party should go, and money was exchanged immediately before transfer of the retrieved object.
Burks contends that it is possible that the objects exchanged could have been innocuous substances. However, the substance recovered from behind the garbage can was not innocuous. It was cocaine, and it was reasonable for the trier of fact to circumstantially infer that the objects delivered in this case were also cocaine. Thus, we do not find that the evidence was so unreasonable, improbable, or unsatisfactory because the objects sold were not recovered or described in further detail. The evidence, in the light most favorable to the State, showed that Burks was acting in concert with another individual on the corner of an alley in Chicago for the sale of something to at least two individuals, which something was removed from inside a brown paper bag that contained at least *753 1.2 grams of cocaine. Under the circumstances, it was rational and reasonable for the trial court to conclude that Burks intended to deliver the cocaine in his possession. Therefore, we hold that the evidence was sufficient to find Burks had intent to deliver cocaine.
We next consider whether, as Burks urges, his case should be remanded for further inquiry into his claims of ineffective assistance of counsel. Burks claims that at his sentencing hearing, he raised allegations of ineffective assistance of counsel that required the court under People v. Krankel, 102 Ill.2d 181, 80 Ill.Dec. 62, 464 N.E.2d 1045 (1984), to conduct an inquiry into the allegations and that because the court failed to do so, the matter should be remanded for further proceedings.
In Krankel, the defendant was convicted after a jury trial of burglary and sentenced to 14 years' imprisonment. In his pro se motion for a new trial, the defendant alleged, among other things, "ineffective assistance of counsel based on defense counsel's alleged refusal to set forth the defense of alibi and alleged failure to investigate the defendant's whereabouts at the time of the offense." Krankel, 102 Ill.2d 181 at 187, 80 Ill.Dec. 62, 464 N.E.2d 1045. In that motion, the defendant represented to the court that "`[a]pproximately five months prior to [his] trial by jury, he informed his attorney of the affirmative defense and how to obtain his alibi. [He] even contacted the witness to tell him his attorney would be contacting him. [His attorney] failed not only to contact the alibi witness but to even claim the affirmative defense * * *'" Krankel, 102 Ill.2d at 188, 80 Ill.Dec. 62, 464 N.E.2d 1045. The appellate court held that the trial court had erred in not granting the defendant's motion for a new trial. On further review, although the supreme court did not order a new trial, it held that further inquiry was needed to determine whether the defendant had effective assistance of counsel. It instructed:
"We * * * remand this matter for a new hearing on the defendant's motion for a new trial with appointed counsel other than his originally appointed counsel. If, after the hearing, the judge finds that the defendant did not in fact receive effective assistance of counsel based upon counsel's alleged failure to present a valid alibi defense, then he shall order a new trial. If, however, he determines that the defendant received the effective assistance of counsel, he shall deny a new trial and leave standing defendant's conviction and sentence for burglary." Krankel, 102 Ill.2d at 189, 80 Ill.Dec. 62, 464 N.E.2d 1045.
Similarly, Burks claims he raised three allegations of ineffective assistance of counsel, which entitle him to remand for further inquiry. We consider each of these. We note first, however, that Krankel does not require that new counsel be appointed every time a defendant claims ineffective assistance of counsel. See People v. Munson, 171 Ill.2d 158, 199, 215 Ill.Dec. 125, 662 N.E.2d 1265 (1996); People v. Johnson, 159 Ill.2d 97, 124, 201 Ill.Dec. 53, 636 N.E.2d 485 (1994). Further, where the trial court's probe into a defendant's allegations reveals that his allegations are "conclusory, misleading, or legally immaterial" or do "not bring to the trial court's attention a colorable claim of ineffective assistance of counsel," the trial court may be excused from further inquiry. Johnson, 159 Ill.2d at 126, 201 Ill.Dec. 53, 636 N.E.2d 485 (1994). See also People v. Jackson, 131 Ill.App.3d 128, 85 Ill. Dec. 738, 474 N.E.2d 466 (1985). More specifically:
"If the matters asserted in the motion lack merit or pertain to trial strategy, *754 the court may dispose of the motion * * *. If, on the other hand, the defendant's claims of incompetence indicate that trial counsel neglected the defendant's case, the court should appoint new counsel to argue defendant's ineffective-assistance claims." Munson, 171 Ill.2d at 199-200, 215 Ill.Dec. 125, 662 N.E.2d 1265.
Thus, we must consider whether any of Burks' claims amount to colorable claims of ineffective assistance of counsel.
Before doing so, however, we point out that Burks' was convicted after a bench trial on August 6, 2001. He was sentenced more than three months later on November 29, 2001. During that time, Burks never asked the court for counsel to represent him in a claim of ineffective assistance of counsel. Nor did he ever file any written motion regarding his claims of ineffective assistance of counsel. Instead, he relies on unsupported comments he made during his sentencing hearings as a basis for his claims of ineffective assistance. See Munson, 171 Ill.2d at 200, 215 Ill.Dec. 125, 662 N.E.2d 1265 (finding no error where trial court did not appoint new counsel to represent defendant on his "mere blanket statement claiming ineffectiveness").
Ineffective assistance of counsel occurs where (1) the conduct of defense counsel fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, a reasonable probability exists the outcome of the trial would have been different. Neylon, 327 Ill. App.3d at 311-12, 261 Ill.Dec. 200, 762 N.E.2d 1127. A defendant bears the burden of proof on both elements of this test, which was announced in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Neylon, 327 Ill. App.3d at 312, 261 Ill.Dec. 200, 762 N.E.2d 1127. The court need not, however, consider the elements in order if it is easier to dispose of a claim based on a lack of prejudice. Neylon, 327 Ill.App.3d at 312, 261 Ill.Dec. 200, 762 N.E.2d 1127. Importantly, where the challenged action might be considered trial strategy, it is presumed to be so, and the defendant bears the burden of overcoming that presumption. People v. Nitz, 143 Ill.2d 82, 112, 157 Ill. Dec. 431, 572 N.E.2d 895 (1991).
First, Burks claims ineffective assistance of counsel because his attorney advised him not to testify and he did not testify. During his sentencing hearing, Burks repeatedly stated to the court that this was his first time going to trial and that as a result he was not knowledgeable about a lot of the procedures. Despite Burks' assertions on appeal, however, he never told the court that he wanted to testify but did not do so because his attorney would not let him. Instead, when the court reminded Burks that he had a chance to testify at trial, he merely said, "I never went to trial. I don't know how to go, so he told me not to." Presumably, the "he" referred to was Burks' trial attorney. Still this statement does not raise any colorable claim of ineffective assistance of counsel. There is no indication that Burks' attorney would not let him testify or refused to represent him if he did so. Nor does Burks even indicate that he wanted to testify or that he told the court or his attorney of his desire to testify. See People v. Enis, 194 Ill.2d 361, 399, 252 Ill.Dec. 427, 743 N.E.2d 1 (2000)(counsel was not ineffective for failing to allow defendant to testify where "upon learning at trial that he would not be called as a witness, defendant failed to assert his right by informing the trial court that he wished to testify" and nothing in the record indicated that "defendant, at any time, advised counsel of his desire or intention to testify"). Instead, he describes his unfamiliarity *755 with the trial process and his decision to rely on counsel in that regard. "The decision whether to take the witness stand and testify in one's own behalf ultimately belongs to the defendant," and where the defendant fails to assert his right and acquiesces in counsel's advice that he should not take the stand, ineffective assistance of counsel is not shown. Enis, 194 Ill.2d at 399-400, 252 Ill.Dec. 427, 743 N.E.2d 1. Additionally, even if Burks' claim did amount to a claim of ineffective assistance of counsel, we fail to see how it caused any prejudice. The trial judge advised Burks that he would take into consideration Burks' statements in court regarding the day of his arrest and his lack of guilt when deciding whether to grant a new trial. However, subsequently, the court did not grant Burks a new trial; thus, his testimony at trial would not likely have changed the result.
Second, Burks claims that his attorney failed to present witnesses in his defense. The only witness Burks identifies is his grandmother, with whom he apparently lived. Burks told the court, "She was one of my witnesses that I didn't get a chance to put on the stand." Burks never claims that his attorney refused to let his grandmother testify. Nor does he ever explain to the court what testimony his grandmother would have given or how it would have changed the outcome of his case. It is not even clear that Burks ever indicated to his attorney that he desired for his grandmother to testify on his behalf. Regardless, the court did ask Burks' attorney about the grandmother and whether he wished to put her on the stand. The attorney responded, "I don't feel it is necessary. That is his grandmother. She loves Taureo, and she believes that her grandson was not involved." Thus, the decision not to call Burks' grandmother to testify appears to have been a tactical decision, which we will not now call ineffective assistance of counsel. See Nitz, 143 Ill.2d at 112, 157 Ill.Dec. 431, 572 N.E.2d 895; Jackson, 131 Ill.App.3d at 139, 85 Ill.Dec. 738, 474 N.E.2d 466. Further, we fail to see how the failure to allow Burks' grandmother to testify prejudiced him. Based on the attorney's representations, Burks' grandmother would not have provided any testimony that would in any way have affected the determination of guilt. Significantly, when the trial judge asked her whether she was "out on the corner with him when he was selling drugs" or "with him every day," she admitted that she was not.
Third, Burks claims ineffective assistance of counsel because of his attorney's failure to introduce evidence, including tax stubs and car note payments, reflecting a car note that was to be paid with the money found on his person. These alleged documents were never presented to the trial court. Further, there is no indication that Burks' attorney was every privy to these documents. Thus, Burks' allegations in this regard are insufficient to even raise a colorable claim of ineffective assistance of counsel, and we decline to remand this case for further inquiry regarding Burks' claims of ineffective assistance of counsel.
Next, Burks contends that his sentence is unconstitutional under Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and the Illinois Constitution. He argues that section 5-5-3(c)(8) of the Unified Code of Corrections(730 ILCS 5/5-5-3(c)(8)(West 2000)), under which he was sentenced as a Class X offender, is the type of statute that was declared unconstitutional under Apprendi. Further, he claims, even if it is not unconstitutional under Apprendi, his sentence is unconstitutional under the Illinois Constitution, which, he claims, requires a jury *756 finding of every fact that increases a defendant's potential maximum sentence. The particular statute under which Burks was sentenced allows for sentencing a defendant as a Class X offender if the defendant is over 21 years of age, is convicted of a Class 1 or Class 2 felony, and has been previously convicted of two Class 2 or greater class felonies. 730 ILCS 5/5-5-3(c)(8)(West 2000). Our courts have considered the constitutionality of the this provision under Apprendi and the Illinois Constitution and found the provision constitutional. See People v. Wallace, 331 Ill.App.3d 822, 838, 265 Ill.Dec. 414, 772 N.E.2d 785 (2002); People v. Dixon, 319 Ill.App.3d 881, 885-86, 254 Ill.Dec. 244, 747 N.E.2d 1 (2001); People v. Jones, 322 Ill. App.3d 236, 242-43, 255 Ill.Dec. 365, 749 N.E.2d 466 (2001); People v. Roberts, 318 Ill.App.3d 719, 728-29, 252 Ill.Dec. 869, 743 N.E.2d 1025 (2000); People v. Lathon, 317 Ill.App.3d 573, 585-87, 251 Ill.Dec. 296, 740 N.E.2d 377 (2000). We agree with and adopt the reasoning of these cases. Thus, we hold that Burks' sentence did not violate Apprendi or the Illinois Constitution.
Finally, Burks argues that the mittimus should be amended to reflect 212 days of time served rather than the 211 days now reflected. The People agree. Therefore, we order that the mittimus shall be corrected to show that Burks had served 212 days at the time he was sentenced.
For the reasons stated above, we affirm the conviction and sentence of the circuit court and order that the mittimus be corrected to show that Burks had served 212 days before he was sentenced.
Affirmed as modified.
CAHILL and GARCIA, JJ., concur.